## SPECIFIC PERFORMANCE AGAINST ONE HAVING NO TITLE.

[Common Pleas Court of Lorain County.]

CHARLES S. FERGUSON v. DAVID KELLEY AND FRANK STANG.

Decided, December 29, 1905.

*Specific Performance—Defendant without Title—Conveyance can not be Compelled, When—Nor can Damages be Assessed, When.*

1. Where A purchases land of B which B has purchased from C, but which C has not transferred to B, specific performance can not be enforced by A against C, nor can A compel B to compel C to carry out his contract.

2. Moreover, where suit is brought for specific performance against a defendant who has no title, and his want of title was known to the plaintiff at the time of the bringing of the suit, the petition can not be retained for assessment of damages.

WASHBURN, J.

This is an action in which it is sought to obtain specific performance of a contract for the sale of land, and is submitted to the court upon separate demurrers to the petition, filed by said defendants, David Kelley and Frank Stang.

The petition alleged that the plaintiff purchased certain real estate, by contract in writing, of defendant, David Kelley, and—

"That the title to said property on said date (the day of sale) was in defendant, Frang Stang, and that said defendant Frank Stang, prior to the said 29th day of May, 1905, had entered into an agreement with said David Kelley for the sale of said land to said defendant, David Kelley, and that in pursuance of said agreement, said defendant, David Kelley, came into possession of said property, and is still in possession of the same, and has been enjoying the profits and rents of the same, and held himself out to the plaintiff as the owner of said premises. For the want of knowledge plaintiff is unable to state the nature of said contract of sale between said defendants, Frank Stang and David Kelley."

The petition then states facts which constitute a good cause of action for specific performance against said David Kelley, if the title to said property was in said David Kelley. Nothing further is stated in the petition in reference to the defendant Frank Stang. And the prayer of the petition is, "that each of

the defendants herein be required to set up his interest in said premises, and that the court order and decree that said premises be conveyed to plaintiff by good and sufficient deed, and such other relief as may be equitable and the court can give.''

Does the petition state a cause of action against the defendant, Frank Stang?

It will be noticed that the plaintiff is not claiming as assignee of the contract which is alleged to have been made between David Kelley and Frank Stang. The plaintiff says he does not know what the contract is, and he does not claim to have purchased it. It will be noticed also, that the plaintiff does not claim that said Frank Stang is a mere trustee, holding the legal title for Mr. Kelley.

The plaintiff in order to obtain the relief sought, asks, not only for specific performance of the contract which the plaintiff made with David Kelley, but also for specific performance of a contract which plaintiff claims David Kelley made with Frank Stang, and to which latter contract the plaintiff was not a party, and is not concerned as assignee from either Stang or said Kelley.

An opinion of the Supreme Court of Minnesota is authority for the statement, that the plaintiff is not entitled, under the petition, to the relief which he asks against Frank Stang. In that case the identical question here raised, was decided. That case is found in the 33 Northwestern Reporter, at page 777. That was an action to enforce specific performance of a contract for sale of real estate, and it appeared that B had contracted to sell the land to A, and A in turn had contracted to sell the land to C, and A neglected or refused to complete his contract with B, so as to acquire title, and C brought an action against A and B to compel a specific performance of the contract by A, to the end that B's title might be acquired to transfer to C.

A demurrer was filed and sustained, the Supreme Court affirmed the action of the lower court, saying that, ''The plaintiff is not a party to or assignee of the first contract, which is still executory on both sides, and neither of the parties thereto can be compelled, at the instance of this plaintiff, to enter into a litigation to compel the specific performance of that contract as between themselves.''

Believing that to be good law, the demurrer of defendant Stang will be sustained, and exception noted.

Does the petition state a cause of action aaginst defendant, David Kelley?

The petition as against Kelley alleges that the plaintiff entered into a contract with Kelley for the purchase of certain real estate, the title of which was not then and is not now in said Kelley.

In Pomeroy's Equity Jurisprudence, 3d Edition, 4th Vol., Section 1405, it is said:

"The contract must be such that its specific enforcement would not be nugatory. Although the contract by its terms can be specifically enforced, the defendant must also have the capacity and ability to perform it by obeying the decree of the court. * * * Finally, the contract must be such that the court is able to make an efficient decree for its specific performance, and is able to enforce its own decree when made."

And the cases cited in support of this proposition, establish the fact that if the defendant is totally unable to perform because he has no title at all, the remedy of specific performance will not be granted.

In the Am. & Eng. Ency. of Law, Second Edition, Vol. 26, at page 39, it is said—

"It may be stated, as a general rule, that a court of equity will not decree the specific enforcement of a contract, beyond the ability of the defendant to perform."

And on page 40—

"Equity will not decree the conveyance of property to which the defendant has no title."

And in 128 United States Reports, at page 667, the Supreme Court of the United States decided that—

"Specific performance can not be decreed of an agreement to convey property which has no existence, or to which the defendant has no title, and if the want of title was known to the plaintiff at the time of beginning the suit, the bill will not be retained for assessment of damages."    •

Under these authorities the demurrer of defendant, Kelley, will be sustained.

*G. A. Resek,* for plaintiff.

*Q. A. Gillmore,* for defendants.